# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0711, <u>State of New Hampshire v. Mitchell Tennison</u>, the court on June 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Mitchell Tennison, appeals his convictions, following a jury trial in the Superior Court (<u>Schulman</u>, J.), on charges of second degree assault-domestic violence, <u>see</u> RSA 631:2, I(f) (Supp. 2023), simple assault-domestic violence, <u>see</u> RSA 631:2-b, I(a) (2016), violating protective orders, <u>see</u> RSA 173-B:9 (2022), and obstructing the report of a crime or injury, <u>see</u> RSA 642:10 (2016).  The defendant argues that the trial court erred in failing to strike testimony that he assaulted the victim on a previous occasion.  We affirm.

We review the trial court's evidentiary rulings for an unsustainable exercise of discretion and reverse only if the court's decision was clearly untenable or unreasonable to the prejudice of the defendant's case.  <u>State v. Clark</u>, 174 N.H. 586, 589 (2021).  We consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made.  <u>Id</u>.  The defendant bears the burden of demonstrating that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case.  <u>Id</u>.

The defendant argues that the trial court erred in failing to strike testimony that he assaulted the victim on a previous occasion.  The witness testified that he did not begin an intimate relationship with the victim until about three months after the victim separated from the defendant.  Defense counsel, seeking clarification, asked the witness if his intimate relationship with the victim began three months after she and the defendant moved out of the defendant's mother's house.  The witness testified that the defendant moved twice, once when he and the victim moved out of his mother's house together, and once from the house that he and the victim had moved into, when the victim "kicked him out of the house" because "he had beaten her." Defense counsel moved to strike "the last three or four words" as "gratuitous and not responsive."  The trial court ruled that the testimony was "pretty much responsive," and that the witness "can explain his answer."

The defendant argues that the witness's answer was non-responsive because he was seeking only to establish <u>when</u> he and the victim began an intimate relationship, and not <u>why</u> the victim and the defendant separated.

Even if the trial court had erred in its ruling, we conclude that any error would have been harmless.  See State v. Boudreau, 175 N.H. 806, 816-17 (2023) (identifying non-exhaustive list of factors for determining whether an error affected the verdict).  The witness did not testify that he observed the conduct that caused the victim to "kick [the defendant] out of the house," and there was no other evidence that such conduct occurred.  By contrast, there was strong evidence of the defendant's guilt relating to the charged conduct.  Accordingly, we conclude that the error, if any, did not affect the verdict.  See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**